UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JORGE EDUARDO MACAS GUTAMA,<br>    Petitioner,<br><br>v.<br><br>MICHAEL NESSINGER, *Warden, Wyatt Detention Facility*; TODD LYONS, *Senior Official Performing the Duties of Director, Immigration and Customs Enforcement*; MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*; and TODD BLANCHE, *Acting U.S. Attorney General*,<br>    Respondents. | No. 26-cv-277-JJM-PAS |

## ORDER

Jorge Eduardo Macas Gutama has filed a habeas petition under 28 U.S.C. § 2241, arguing that his arrest and continued detention by Immigration and Customs Enforcement ("ICE") is unlawful, and that he must be released or given a bond hearing before an immigration judge ("IJ") pursuant to 8 U.S.C. § 1226(a). ECF No. 1. In its Response, the Government states that the legal issues presented in this case are like those recently addressed by this Court in *Tomas Elias v. Hyde*, No. 25-cv-540-JJM-AEM, 2025 WL 3004437 (D.R.I. Oct. 27, 2025). ECF No. 4 at 2. Though the Government notes some disagreement with that decision,[1] it acknowledges that

---

[1] Specifically, the Government cites to a recent decision from the Fifth Circuit that is to the contrary. *See* ECF No. 4 at 1 (citing *Buenrostro-Mendez v. Bondi*, 166

should the Court follow its reasoning in *Tomas Elias*, it would likely reach the same result in Mr. Macas Gutama's case. *Id.* at 2-3. The reasoning provided in *Tomas Elias* remains correct. As such, the Court finds that Mr. Macas Gutama's detention is unlawful, and that he is entitled to immediate release and a bond hearing before an IJ. Mr. Macas Gutama's petition is therefore GRANTED. ECF No. 1.

The Government is hereby ORDERED to **release Jorge Eduardo Macas Gutama immediately**. Per its request, the Government is permitted to transfer Mr. Macas Gutama to ICE's Boston Field Office in Burlington, Massachusetts for the sole purpose of processing his release and allowing for any return of property. ECF No. 4 at 1 n.1. However, the Court DENIES the Government's additional request to place "any monitoring equipment deemed appropriate." *Id.* Because the Government did not have the lawful authority to detain Mr. Macas Gutama in the first place, the Court will not permit the Government to keep him "in custody" through the use of monitoring equipment pending the bond hearing. *See Morales v. Hyde*, No. 26-cv-093-JJM-PAS, 2026 WL 508811, at *3-4 (D.R.I. Feb. 24, 2026) (denying similar request from the Government because "[i]t does not follow . . . that ICE gets to keep

---

F.4th 494 (5th Cir. 2026)); *see also Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026) (same). Of course, that decision is not binding on this Court, and the Court does not find its reasoning to be persuasive. The Court is instead persuaded by the Second and Eleventh Circuits' position on the issue. *See Cunha v. Freden*, No. 25-3141-pr, --- F.4th ----, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026) (holding that 8 U.S.C. § 1225(b)(2)(A) "does not apply to . . . noncitizens, who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter"); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, Nos. 25-14065, 25-14075, --- F.4th ----, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026) ("We are unpersuaded by the Government's re-interpretation of § 1225(b)(2)(A).").

[the petitioner] 'in custody' once he leaves the Wyatt Detention Facility"). Effectuating Mr. Macas Gutama's transfer to Burlington shall not in any way impede his **immediate release**.

The Government is also ORDERED to **provide Jorge Eduardo Macas Gutama with a bond hearing before an IJ** under 8 U.S.C. § 1226(a) within ten (10) days of the date of this order.  Should it choose to pursue Mr. Macas Gutama's continued detention, the Government must show why less restrictive alternatives to detention would be inadequate for it to achieve its goals.  *See Higiro v. Nessinger*, No. 26-cv-105-JJM-AEM, 2026 WL 710297, at *8 (D.R.I. Mar. 13, 2026) (finding that due process requires IJs to consider alternatives to detention at bond hearings to ensure that detention is not arbitrarily imposed and bears a reasonable relation to the Government's interests).  The IJ shall consider any alternatives to detention *before* making a finding as to flight risk or dangerousness.  *See Brito v. Garland*, 22 F.4th 240, 254 (1st Cir. 2021) (noting that to require otherwise would be "to put the cart before the horse").

Finally, the Court ORDERS the Government to **file a status report** within five (5) days of Mr. Macas Gutama's bond hearing, stating whether he has been granted bond.  If Mr. Macas Gutama's request for bond is denied, the Government shall state the reason for that denial and whether Mr. Macas Gutama has been re-detained by ICE.

3

IT IS SO ORDERED.


*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

May 7, 2026

4